JAP:PWB

**14M604**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

  - against -

PRATIK RAKESH DOSHI,

              Defendant.

- - - - - - - - - - - - - - x

**TO BE FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN SUPPORT OF
APPLICATION FOR
ARREST WARRANT

(T. 49, U.S.C. § 46506(1))

EASTERN DISTRICT OF NEW YORK, SS:

      SHAWN RUSSELL, being duly sworn, deposes and states that he is a Detective with the Port Authority of New York and New Jersey Police Department and a deputized member of a federal law enforcement task force, duly appointed according to law and acting as such.

      Upon information and belief, on or about June 16, 2014, the defendant PRATIK RAKESH DOSHI, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit, sexual contact, that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

      (Title 49, United States Code, Section 46506(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been employed by the Port Authority of New York and New Jersey Police Department since 1993. Since approximately October 2004, I have been assigned to a FBI Task Force. Currently I am assigned to John F. Kennedy International Airport ("JFK") in Queens, New York, where I investigate violations of Federal law that occur within the airport environment and on board aircrafts.

2. On June 16, 2014, I was notified that a female passenger (hereinafter, the "passenger") who had been aboard American Airlines Flight No. 1453 from Dallas, Texas to JFK, complained that the defendant PRATIK RAKESH DOSHI had engaged in unwanted and non-consensual sexual contact with her during the course of the flight.

3. Upon being notified of the passenger's complaint, I proceeded to JFK and met with the passenger on June 16, 2014. I also met with the passenger on June 20, 2014, at the U.S. Attorney's Office for the Eastern District of New York. During these two meetings, the passenger indicated to me, in sum and substance and among other things, that on June 16, 2014, she had traveled from San Diego, California, to JFK, with a layover in Dallas, Texas. The passenger stated that, prior to the first flight from San Diego to Dallas, she took a Valium to help her relax. The passenger stated that she has taken Valium in the past and that it calms her down, but generally it does not make her tired or groggy. The passenger indicated that she had not fallen asleep on the San Diego to Dallas flight, and she

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

was able to relay various details about a conversation that she had with the woman who sat next to her on that flight. Based on information obtained from the internet, it is my understanding that the flight from San Diego to Dallas is approximately three hours in duration. The passenger did not take another Valium before or during her flight from Dallas to JFK.

4. For the flight from Dallas to JFK, the passenger was assigned a middle seat on American Airlines Flight No. 1453. The passenger's daughter was seated next to her in a window seat. The passenger indicated that initially the aisle seat next to her was unoccupied, but shortly before take-off the defendant PRATIK RAKESH DOSHI left another seat towards the back of the plane and sat in the aisle seat next to the passenger.

5. The passenger further stated that, at some point after take-off, she fell asleep while leaning forward on her tray table. The passenger awoke after the defendant PRATIK RAKESH DOSHI repeatedly bumped and brushed the passenger's left torso and left leg. The passenger did not confront the defendant because she believed that he could have been bumping into her by mistake; so she pretended that she was still asleep.

6. The passenger further stated that, shortly after she woke up, the defendant PRATIK RAKESH DOSHI began rubbing and squeezing her left breast. The defendant then reached around the passenger's back, slid his hand under the passenger's shirt, and began rubbing and squeezing her right breast. In addition, the defendant tried to slide his hands under the defendant's bra. Around this same time, the defendant whispered to the passenger: "let's go to the bathroom." The passenger did not respond and continued to pretend that she was asleep.

7. The passenger further stated that the defendant PRATIK RAKESH DOSHI then began rubbing his feet against the passenger's feet. The defendant then began using his foot to try to spread the passenger's legs apart. The defendant then attempted to put his hand inside the passenger's pants. When he was unable to do so, the defendant began to rub his hand between the passenger's legs on the outside of her pants. While he was doing this, the defendant whispered on at least one more occasion: "let's go to the bathroom."

8. The passenger further stated that, at this point, she was able to make contact with her daughter, who had been sleeping in the window seat next to the passenger. The passenger asked her daughter to sit up and look at the defendant PRATIK RAKESH DOSHI. Shortly after the passenger's daughter did this, the defendant got up from his seat and went to the restroom. When the defendant returned to the aisle seat next to the passenger, the passenger and her daughter got up and went to the rear of the airplane. At that point, the passenger reported what had happened to a flight attendant. The flight attendant moved the passenger and her daughter to different seats for the duration of the flight.

9. On June 16, 2014, and June 20, 2014, I also spoke with the passenger's daughter. During these two meetings, the passenger's daughter indicated to me, in sum and substance and among other things, that prior to take-off, the defendant PRATIK RAKESH DOSHI moved from another seat near the back of the plane and took the aisle seat next to the passenger. The passenger's daughter fell asleep during the flight. At some point, the passenger's daughter was awoken by the passenger. The passenger asked her daughter to sit up and look at the defendant. When she did this, the defendant was looking straight ahead at the seat in front of him, but he soon started looking around and then went to the rest room at the rear of the plane. After the defendant returned to the seat next to the passenger, the

passenger and the passenger's daughter went to the rear of the aircraft and spoke with a flight attendant.

10. On June 16, 2014, I spoke with T.T., a flight attendant on American Airlines Flight No. 1453 from Dallas to JFK. T.T. stated that, during the flight, the passenger approached her and was visibly upset. T.T. stated that the passenger told her that she had been sleeping and had awoken shortly before the male passenger sitting next to the passenger began grabbing her breasts. The passenger also reported that the male passenger sitting next to her had tried to rub his hand between the passenger's legs. T.T. moved the passenger and the passenger's daughter to another seat for the duration of the flight.

11. On June 16, 2014, I met with the defendant PRATIK RAKESH DOSHI and asked him if he wished to speak without the presence of an attorney. The defendant agreed to speak with me. The defendant stated that he had been a passenger on American Airlines Flight No. 1453 from Dallas to JFK. The defendant stated that originally he was assigned seat 27F, but prior to take-off he moved to seat 21D, which was an open aisle seat. The defendant stated that, other than casual contact that would be typical for two people seated next to each other on an airplane, he did not touch the passenger. The defendant stated that he was traveling to India and he anticipated returning to the United States in approximately three weeks.

12. It is my understanding that the plane on which defendant PRATIK RAKESH DOSHI was flying is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a). It is further your deponent's understanding that the plane in question was "in flight," as defined in 49 U.S.C. § 46501(1), during the events described herein.

13. To prevent notifying the defendant of the pending complaint and arrest warrant, which could result in his destruction of evidence and/or alteration of his travel plans to avoid arrest, your deponent respectfully requests that this affidavit and the arrest warrant be sealed until further order of the Court.

WHEREFORE, your deponent respectfully requests that the defendant PRATIK RAKESH DOSHI be dealt with according to law.

SHAWN RUSSELL
Federal Task Force Agent

Sworn to me before this
26th day of June, 2014

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK